IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THURMAN ANTHONY, | ) |
| | ) Civil Action No. 07 - 1380 |
| Plaintiff, | ) District Judge Nora Barry Fischer |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) |
| DAN ONORATO, RAMON RUSTIN, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.       RECOMMENDATION**

It is respectfully recommended that this action be dismissed for failure to prosecute.

**II.      REPORT**

On October 10, 2007, Plaintiff in this case filed a civil rights action based upon his incarceration in the Allegheny County Jail against Dan Onorato, Allegheny County Chief Executive, and Raymond Rustin, Warden. On November 15, 2007, this Court notified Plaintiff that his Complaint did not allege any personal involvement by the named Defendants with regard to the claims alleged in his Complaint and ordered him to file an amended complaint on or before January 14, 2008 (doc. no. 9). When Plaintiff failed to comply with this Order, the Court issued an Order on January, 17, 2008, requiring Plaintiff to show cause no later than February 8, 2008, why his case should not be dismissed for failure to file an amended complaint. The Order further informed Plaintiff that his failure to respond by February 8, 2008, would result in a recommendation for dismissal of this case.

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the

plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper.

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id., at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter pro se. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to respond to the orders in question is plaintiff's alone.

(2) Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, defendants have not yet been required to respond to the complaint and, accordingly, have not suffered specific prejudice other than that caused by general delay.

(3) A history of dilatoriness.

2

Plaintiff has not made any effort to move this case forward and has ignored this Court's Orders of November 15, 2007 and January 17, 2008. This is sufficient evidence, in the court's view, to indicate that plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that plaintiff's failure was the result of any "excusable neglect", Poulis, supra. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding pro se and in forma pauperis. Thus, any sanction imposing costs or fees upon Plaintiff would be ineffective as a sanction.

(6) Meritoriousness of the defense.

Plaintiff has failed to allege any basis for liability against Defendants. Thus, this factor weighs in favor of dismissal.

Five of the six Poulis factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute it.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                                  Lisa Pupo Lenihan
                                                  United States Magistrate Judge

Dated: March 12, 2008

cc:     Nora Barry Fischer
        United States District Judge

        Thurman Anthony
        2410 Fifth Avenue
        Pittsburgh, PA 15213